■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROGER JOSEPH KLEIN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Nassau County, rendered October 31, 1966 upon resentence and after a hearing on his motion to withdraw his plea of guilty, convicting him of murder in the second degree, upon said plea. Judgment reversed, on the law, and action remitted to the Criminal Term for the purpose of (a) holding a further hearing upon defendant's motion to withdraw his plea of guilty and (b) making a determination thereon *de novo*. No questions of fact were considered on this appeal. On a prior appeal by defendant we reversed the original judgment of conviction and remitted the action for a hearing on his motion to withdraw the plea of guilty (*People* v. *Klein*, 26 A D 2d 559). The hearing failed to elicit the facts of the crime to which defendant had pleaded guilty (*People* v. *Serrano*, 15 N Y 2d 304; *People* v. *Seaton*, 19 N Y 2d 404). After a rehearing the court should consider the factors in *People* v. *Nixon* (21 N Y 2d 338). In our opinion the court should also consider prejudice to the People as a significant factor. In this connection we note our statement made in affirming the denial of *coram nobis* relief to one of Klein's codefendants, wherein it was observed: " It was within the District Attorney's discretion to refuse to recommend the acceptance of lesser pleas if all the defendants did not plead guilty to lesser crimes " (*People* v. *Henzey*, 24 A D 2d 764; also, see,

*People* v. *Keehner,* 28 A D 2d 695). Beldock, P. J., Brennan, Rabin, Hopkins and Martuscello, JJ., concur.